```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

YOLANDA ANN COLLINS                      CIVIL ACTION

VERSUS                                   NO: 07-549

AUDUBON NATURE INSTITUTE                 SECTION: "R"
```

## ORDER AND REASONS

Before the Court is defendant Audubon Nature Institute's motion for summary judgment. For the following reasons, the Court GRANTS defendant's motion.

### I.   BACKGROUND

On June 2, 2006, defendant Audubon Nature Institute terminated the employment of plaintiff Yolanda Collins, who worked for Audubon as a First Responder. Hopkins, an African-American female, asserts that Audubon terminated her because of her race and affiliation with the United States Naval Reserve. Audubon states that Collins was terminated because she did not follow Audubon's employment policies on two separate occasions. Collins' alleged first failure to follow the policies occurred on May 9, 2006. (R. Docs. 75-4 and 75-5). Audubon states that on that day, Collins was called to provide assistance to a child with a finger injury. Collins arrived at the scene, but did not inspect or assess the injury. (R. Doc. 75-5). She then

transported the child to Children's Hospital, over half a mile away, in a golf cart, even though the child's guardian had requested only for the child to be brought to her vehicle in the zoo parking lot. (R. Doc. 75-5).  Collins then remained at the hospital for more than one hour, depriving Audubon of access to the medical supplies in the First Responder Equipment Cart. (R. Doc. 75-5).  Additionally, Collins never obtained the names of the child or his guardian and never determined how and where the injury occurred. (R. Doc. 75-5).

Audubon alleges that Collins again failed to follow company procedures on May 12, 2006.  On that day Collins received another distress call after a wasp stung an individual with a severe allergy to wasp stings. (R. Doc. 75-5). Collins was on duty when the distress call went out at approximately 12:10 p.m. (R. Doc. 75-5).  Despite repeated calls, Collins did not arrive at the scene until approximately 12:30 p.m. (R. Doc. 75-5). Collins later blamed her late arrival on her confusion about the exact location of the injured party, even though as a First Responder, she was expected to have complete knowledge of the layout of the zoo. (R. Doc. 75-5).

Audubon states that based on these incidents, Cheri Blair, Collins' supervisor, and Renee Brunt, Audubon's Vice President of Human Resources, determined that Collins' performance was unsatisfactory.  On May 26, 2006, Audubon suspended Collins while it investigated the matter.  Audubon alleges that it ultimately

decided to terminate Collins because her conduct put both Audubon and its patrons at risk. On March 30, 2007, Collins filed suit, *pro se*, alleging generally that Audubon engaged in unlawful employment discrimination based upon (1) her race and (2) her status as a member of the U.S. Naval Reserves. On July 19, 2007, she amended her original complaint to include additional allegations about the performance of her supervisor. Audubon now moves for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. V. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in

the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.**    **Title VII discrimination**

A plaintiff who seeks to prove that her employer discriminated against her in violation of Title VII can do so by submitting either direct evidence of intentional discrimination or, more commonly, circumstantial evidence. *See Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). Because Ms. Collins seeks to establish her claim by circumstantial evidence, the three-part framework established in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), applies. First, the plaintiff must make out a prima facie case of employment discrimination by proving that she:

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was

>  treated less favorably than other similarly situated
>  employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam).  If the plaintiff carries her burden, a presumption arises that the employer unlawfully discriminated against her. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981).  The defendant, in turn, may rebut this presumption by articulating "a legitimate, nondiscriminatory reason for its decision."  *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).  Finally, if the defendant produces evidence of a nondiscriminatory reason for the discharge, the burden shifts back to the plaintiff to prove that "the employer's proffered reason is not true but instead is a pretext for the real discriminatory... purpose."  *McCoy*, 492 F.3d at 557.  The plaintiff may do so either "through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence,'" meaning that the explanation "is not the real reason for the adverse employment action." *Laxton*, 333 F.3d at 578 (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143 (2000)).

### 1.   Prima facie case

Here, Audubon has not shown the absence of material fact issues on the elements of plaintiff's case.  Audubon concedes that Collins is a member of a protected group (*See* R. Doc. 75 at 5) and that it discharged her from her position. (*See id.*).

Additionally, as described below, there is at least an issue of material fact as to whether Hopkins was qualified for the position from which she was terminated and whether the person who replaced her was not an African-American.

To establish the second element of a prima facie case of race discrimination, Collins must show that she was qualified for the position she held.  Audubon avers that Collins has not shown that she was qualified for the position.  In particular, Audubon argues that Collins' actions in the two incidents where Collins failed to follow its policies suggest that she was not qualified for her position. Such an argument, however, is foreclosed by the Fifth Circuit's holding in *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1505-06 (5th Cir. 1988).  In *Bienkowski*, the Fifth Circuit held that to show qualification at the prima facie stage of an employment discrimination analysis, a plaintiff challenging his termination did not have to show that he was meeting his employer's reasonable expectations. *Id.* at 1505.  Rather, "the fact that a plaintiff was hired initially indicates that he had the basic qualifications," and thus to establish qualification, plaintiff must merely show that he "continued to possess the necessary qualifications for his job." *Id.* at 1506,  Here, there is no indication in the record that plaintiff was not qualified for the position, and the fact that plaintiff was hired for the position suggests she had the basic qualifications. Accordingly, the Court finds that plaintiff at least created a genuine fact

issue as to this element of a prima facie case.

To establish the fourth element, Collins must show that she "was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy*, 492 F.3d at 551.  Audubon asserts that Collins has not made such a showing.  Collins has provided no evidence that she was replaced by someone who was not African-American.  Audubon, however, has provided deposition testimony suggesting that Collins was replaced by a person who was not African-American.  Collins' deposition testimony provides:

> Q:   What specifically – You say you believe they wanted a Caucasian person.  How do you know that it just – How do you know that the reason they wanted this new person was because they were white?
>
> A.   I don't know that.  I'm basically going by what I saw and immediately that person was in the position after I left.

(R. Doc. 75-10 at 96:15-22).  The Court finds the deposition testimony sufficient to establish as issue of fact as to whether the person who replaced Collins was not in her protected class.

### 2. Pretext

Collins claim nevertheless fails at the third stage of the *McDonnell Douglas* analysis.  Audubon Nature Institute has offered evidence of a legitimate, nondiscriminatory reason for its discharge decision: her failure to adequately perform her job duties as a First Responder. *See Lemaire v. Louisiana Dep't of*

*Transp. and Dev.*, 480 F.3d 383, 390 (5th Cir. 2007)) ("an employee's insubordinate behavior and failure to perform duties satisfactorily is a legitimate, non-retaliatory reason") (citing *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 26, (1st Cir. 2004)); *Perez v. Region 20 Educ. Serv. Center*, 307 F.3d 318, 325 (5th Cir. 2002) (finding that poor work performance is a legitimate non-discriminatory reason for discharge). Collins has not provided any evidence to suggest that Audubon's decision to fire her was invalid. Collins did submit evidence of annual performance reviews in her previous position as operations coordinator at Audubon, (*see* R. Doc. 77), but these reviews are irrelevant to her performance as a First Responder. Because Collins has not advanced any reason to disbelieve Audubon Nature Institute's explanation, she has not met her burden of showing an issue of fact as to whether its explanation is pretextual. Thus, there is no genuine issue of material fact to be resolved at trial, and Audubon Nature Institute is entitled to summary judgment. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 345 (5th Cir. 2005) (affirming grant of summary judgment because plaintiff "created no fact issue that [defendant's] stated grounds for his termination were 'unworthy of credence.'").

    **B.   Discrimination based on military status**

Plaintiff also contends that she was fired because of her status as a member of the United States Naval Reserves. The Uniformed Services Employment and Reemployment Act of 1994, 38

U.S.C. § 4311, ("USERRA") prohibits employment discrimination against individuals who are members of the armed forces. The burden-shifting scheme applicable to cases under the National Labor Relations Act applies to claims made under the USERRA. *Gummo v. Village of Depew, New York*, 75 F.3d 98, 106 (2d Cir.) (citing *NLRB v. Transportation Management Corp.*, 462 U.S. 393, 401 (1983); *see also Snowman v. IMCO Recycling, Inc.*, 347 F. Supp. 2d 338, 342 (N.D. Tex. 2004). Under that scheme, a plaintiff carries his burden of proving a prima facie case of discrimination by showing that her protected status was "a substantial or motivating factor" in her termination. *Gummo*, 75 F.3d at 106. The employer may still escape liability by proving that "it would have made the same decision without regard to the employee's protected status." *Id.* Here, plaintiff has produced no evidence that her status as a member of the Naval Reserves was a "substantial or motivating factor" in her termination. Accordingly, Audubon is entitled to summary judgment as to this claim.

**IV.   CONCLUSION**

    For the foregoing reasons, Audubon Nature Institute's motion for summary judgment is GRANTED and the case is DISMISSED WITH PREJUDICE.

    New Orleans, Louisiana, this 30th day of September, 2008.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE